# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| ZETA POTTS-LOLLEY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N22A-09-006 PAW |
| | ) | |
| | ) | |
| MOLLY MAGARIK, | ) | |
| in her official capacity as | ) | |
| Secretary of the Delaware | ) | |
| Department of Health and | ) | |
| Social Services | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: January 19, 2024
Decided: May 21, 2024

*Upon Appeal from the Delaware Department of Health and Social Services;*
**REVERSED AND REMANDED.**

## MEMORANDUM OPINION AND ORDER

Gilberte Pierre, Esq. and John S. Whitelaw, Esq., of Community Legal Aid Society, Inc., *Attorneys for Appellant*.

Renee L. Hrivnak, Esq., of the Delaware Department of Justice, *Attorney for Appellee*.

**WINSTON, J.**

## I.  INTRODUCTION

Zeta Potts-Lolley appeals a decision of the Delaware Department of Health and Social Services ("DHSS").  Prior to issuing its decision, DHSS held an administrative hearing.  At the hearing, over Potts-Lolly's objection, the Administrative Hearing Officer (the "Hearing Officer") admitted and considered evidence submitted after the hearing.  The Hearing Officer found Potts-Lolley committed an intentional program violation by misusing and trafficking her Electronic Benefit Transfer ("EBT") card.  The violation disqualified Potts-Lolley from receiving Supplemental Nutrition Assistance Program ("SNAP") benefits for twelve months.  Because the Hearing Officer erred in admitting and considering evidence submitted after the hearing, the decision of the Hearing Officer must be **REVERSED** and this matter **REMANDED** for a fair hearing as required by law.

## II.  FACTUAL AND PROCEDURAL HISTORY

The Audit & Recovery Management Services ("ARMS") division of DHSS, first suspected Potts-Lolley of EBT card trafficking while investigating two stores – Mama's Convenience ("Mama's") and Stop Shop N Go ("Stop Shop").[1]  Upon reviewing Potts-Lolley's EBT account, an ARMS investigator identified suspected

---

[1] R. at 184:1-4 and 186:4-6.  The investigator does not recall when his investigation of Potts-Lolley began, but testified it was well before late 2021.  R. at 198:5-13.

trafficking activity.[2]  Thereafter, ARMS sent Potts-Lolley a letter informing her of the investigation, requesting an interview and advising her of her rights regarding an Administrative Disqualification Hearing (the "Hearing") waiver.[3]

As Potts-Lolley did not waive her Hearing rights, a disqualification Hearing was held.[4]  Potts-Lolley was represented by counsel but did not testify.  The ARMS investigator testified, on behalf of DHSS, that Potts-Lolley engaged in benefits trafficking at Mama's and Stop Shop between January 2015 and August 2017.[5] ARMS presented evidence that included a report of all of Potts-Lolley's EBT activity from 2014 to 2020[6] and a condensed list of the alleged trafficking violation transactions at Mama's and Stop Shop.[7]  In addition, Potts-Lolley's January 3, 2020 signed benefit application was also submitted ("Exhibit 2").[8]  Exhibit 2 indicates Potts-Lolley understood the proper use of EBT benefits and penalties for misuse.[9]

The ARMS investigator further testified that Mama's and Stop Shop were permanently disqualified from the United States Department of Agriculture Food and Nutrition Service ("FNS") program due to repeated violations of the FNS

---

[2] R. at 184:16-186:17.
[3] R. at 96-99.
[4] R. at 241-243.
[5] R. at 93 and 185:6-186:8.
[6] R. at 67-92.
[7] R. at 93-94.
[8] R. at 61-66.
[9] *Id*.

regulations.[10]  Potts-Lolley objected on hearsay grounds.[11]  In response, DHSS indicated it possessed disqualification documents related to Stop Shop.[12]  The disqualification documents contain a list of transactions meeting food benefits trafficking patterns.[13]  These trafficking patterns include: repetition, size, and back-to-back purchases.[14]  Upon confirming disqualification documents existed, the Hearing Officer permitted DHSS to submit the disqualification evidence after the Hearing.[15]  Thus, prior to the end of the Hearing, the Hearing Officer left the record open and directed DHSS to submit evidence of Stop Shop's FNS disqualification by the end of the day.[16]  Then, Potts-Lolley was permitted to submit any objections within two days.[17]  Directly after the hearing, ARMS submitted the requested Stop Shop disqualification documents ("Exhibit 8").[18]  The next day, Potts-Lolley timely renewed her objection to Exhibit 8 as inadmissible hearsay evidence and requested a supplemental hearing, if the Hearing Officer decided to admit Exhibit 8.[19]

---

[10] R. at 174:17-175-17.
[11] R. at 176:7-18.
[12] R. at 183:1-4.  Disqualification documents related to Mama's either did not exist or DHSS was not in possession of the documents.  R. at 180:19-23.
[13] R. at 174:17-175:6.
[14] *Id*.
[15] R. at 183:2-8.
[16] R. at 206:23-207:15.
[17] R. at 207:16-24.
[18] R. at 5-6 and 101-137.
[19] *Id*. at 5-6.

The Hearing Officer's written decision concluded that, "[b]ased upon the testimony and evidence, it is highly probable, reasonably certain, and free from serious doubt" that Potts-Lolley committed an intentional program violation.[20] Accordingly, Potts-Lolley was disqualified from SNAP benefits for twelve months.[21] In reaching this decision, the Hearing Officer admitted and considered Exhibit 8 under Delaware Rule of Evidence 803(6) and denied Potts-Lolley's request for a supplemental hearing because she had failed to demonstrate cause.[22]

Potts-Lolley filed the instant action with the Court challenging the Hearing Officer's decision.[23] After an initial delay,[24] the record was filed and briefing commenced.[25] During oral argument, DHSS argued that hearsay is permissible at an administrative hearing, even if objected to, so long as it is not the sole basis for the evidence being admitted. In consideration of this new contention, the Court requested supplemental submissions. In its submission, DHSS reversed its position and stated that 16 *Del. Admin. C.* § 5600 regulates hearsay admission in DHSS

---

[20] R. at 53.

[21] *Id*.

[22] R. at 46 and 232.

[23] D.I. 1.

[24] D.I. 17, 18, 21, and 22.

[25] D.I. 26, 27, 28, 34, 40, 42, 45, and 46.

administrative hearings.[26]  Potts-Lolley acknowledged the receipt of the filing but did not respond.[27]

## III.   STANDARD OF REVIEW

DHSS decisions are subject to judicial review under 31 *Del. C.* § 520.[28]  The standard of review is limited to whether the Hearing Officer's decision is free from legal error and supported by substantial evidence.[29]  However, only if the procedure of disqualification determination is legally sound does the Court proceed to the question of sufficiency of evidence to support the decision.[30]

On appeal, Potts-Lolley makes four arguments: (1) the Hearing Officer erred in admitting Exhibit 8; (2) the denial of her request for a supplemental evidentiary hearing violated her due process rights; (3) the decision that Potts-Lolley intended to commit an intentional program violation is not supported by substantial evidence;

---

[26] D.I. 51.

[27] D.I. 52.

[28] Section 520 provides in pertinent part:

> Any…recipient of public assistance benefits…against whom an administrative hearing decision has been decided may appeal such decision to the Superior Court….  The appeal shall be on the record without a trial de novo.  The Court shall decide all relevant questions and all other matters involved, and shall sustain any factual findings of the administrative hearing decision that are supported by substantial evidence on the record as a whole.

[29] *Prunckun v. Delaware Dep't of Health and Soc. Serv.*, 201 A.3d 525, 539 (Del. 2019).

[30] *Lawson v. Dep't of Health and Soc. Serv.*, 2004 WL 440405, at *2 (Del. Super. Feb. 25, 2004) (citing *Bowden v. Del. Dep't of Health and Soc. Serv. Division of Soc. Serv.*, 1993 WL 390480, at *2 (Del. Super. 1993)).

6

and (4) the finding that any transaction over $40.05 is excessive and evidence of benefits trafficking is not supported by substantial evidence.[31]

## IV. ANALYSIS

**The Hearing Officer Committed Legal Error**

Over Potts-Lolley's objection, the Hearing Officer admitted Exhibit 8, post-hearing. The Hearing Officer found Exhibit 8 an exception to the rule against hearsay under D.R.E. 803(6). In addition, the Hearing Officer denied Potts-Lolley's request for a supplemental hearing to address, confront, or otherwise refute Exhibit 8. The Hearing Officer committed legal error by admitting Exhibit 8 and failing to afford Potts-Lolley due process.

DHSS's Fair Hearing Process and Procedures are set forth in Title 16 of the Delaware Administrative Code. Before the hearing, the appellant has the right to examine all documents and records to be used by DHSS at the hearing.[32] At the hearing, hearsay evidence is inadmissible if there is an objection unless it meets one of the hearsay exceptions.[33] D.R.E. 803(6),[34] commonly referred to as the business

---

[31] D.I. 28.
[32] § 5403(1).
[33] 16 *Del. Admin. C.* § 5600(2).
[34] Under D.R.E. 803(6), business records are admissible if:
    (A) the record was made at or near the time by, or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the… record…was a regular practice of

7

records exception, is an exception to the rule against hearsay. Admission subject to D.R.E. 803(6) also requires compliance with D.R.E. 902(11). D.R.E. 902(11) provides that *before* "the hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record and – must make the record and certification available for inspection – so that the party has a fair opportunity to challenge them." After the hearing, in reaching a decision, hearing officers may only consider evidence presented at the hearing.[35]

Here, contrary to DHSS's Fair Practices and Procedures, Potts-Lolley was not provided with Exhibit 8 before (or even during) the hearing. In addition, the Hearing Officer considered Exhibit 8 in determining whether to disqualify Potts-Lolley's SNAP benefits. First, post-hearing, the Hearing Officer found Exhibit 8 qualified as a business record under D.R.E. 803(6). Exhibit 8 is a record of a regularly conducted activity and practice of the United States Department of Agriculture ("USDA"), and its accuracy was attested to by the USDA reviewer who visited Stop Shop.[36] The Court need not address whether the certification complied with the Delaware Rules

---

that activity; (D) all the conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) …; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of untrustworthiness.

[35] 16 *Del. Admin. C.* § 5400(1)(G).

[36] R. at 46.

of Evidence because Exhibit 8 was not provided to Potts-Lolley *before* the hearing as required under D.R.E. 902(11) and Section 5403(1). Therefore, even if the certification complied, Exhibit 8 was improperly admitted.

Second, by admitting Exhibit 8, post-hearing, and denying Potts-Lolley's request for a supplemental hearing, the Hearing Officer considered evidence presented outside of the hearing. Delaware recognizes that SNAP benefits are property rights of which a recipient may not be deprived without due process of law.[37] Because Potts-Lolley's benefits were terminated, her due process rights were triggered. The requirements of due process includes a decision resting "solely on the legal rules and evidence adduced at the hearing."[38] Federal regulations require state agencies to provide fair hearings that meet this requirement.[39] DHSS's Fair Hearing Practices and Procedures includes the right to examine all documents and records to be used before and at the hearing, and question or refute any evidence.[40] As required by federal regulations, "[o]nly evidence presented at the hearing shall be considered by the hearing officer in reaching his decision."[41]

---

[37] 16 *Del. Admin. C.* §§ 5000-5606.
[38] *Lawson*, 2004 WL 440405, at *4 (quoting *Goldberg v. Kelly*, 397 U.S. 254, 266-67 (1970)).
[39] *Id*. at *4 (citation omitted).
[40] 16 *Del. Admin. C.* §§ 5403 and 5404; 7 C.F.R. § 273.15(p)(5).
[41] 16 *Del. Admin. C.* § 5400(1)(G).

Contrary to federal and state regulations, Exhibit 8 was not presented at the hearing and the Hearing Officer denied Potts-Lolley a fair opportunity to refute the evidence.[42] In consequence, the Hearing Officer considered evidence submitted post-hearing in reaching her decision. Accordingly, the Court finds Potts-Lolley's due process rights were violated. Therefore, an error of law was committed, and the decision of the Hearing Officer must be **REVERSED**. The matter is **REMANDED** for a new hearing.[43]

**IT IS SO ORDERED.**

*/s/Patricia A. Winston*
**Patricia A. Winston, Judge**

---

[42] Providing Potts-Lolley an opportunity, post-hearing, to submit written objections did not alter this due process violation.

[43] As Potts-Lolley's due process rights were violated, the Court does not reach her arguments that the decision is not supported by substantial evidence. *Lawson*, 2004 WL 440405, at *2.